## JONES v. FARRIS ET AL.

1. **Fraudulent Conveyance:** NEITHER THE FRAUDULENT GRANTOR NOR HIS FRAUDULENT CREDITOR CAN ASSAIL. Where a conveyance is made in fraud of creditors, even though it be with a secret agreement to reconvey, neither the grantor nor a fraudulent creditor of his can successfully assail it in a court of equity.

*Appeal from Madison Circuit Court.*

THURSDAY, OCTOBER 28, 1886.

ACTION to set aside certain deeds alleged to have been executed to the defendant Farris by the defendants William Sturman and Jane Sturman, to defraud the creditors of William Sturman. The latter filed a cross petition against his co-defendant Farris, praying that the deeds be set aside on the ground that they were obtained from him without consideration, and through the undue influence of Farris. There was a decree in favor of the plaintiff and of the defendant William Sturman; but the court refused to allow the plaintiff an attorney's fee, and decreed a lien upon the land in favor of Farris for money paid out by him. The defendant Farris appealed from so much of the decree as set aside the deeds; the plaintiff appealed from the decree disallowing her an attorney's fee; and the defendant William Sturman appealed from the decree charging the land with a lien in Farris' favor. Farris perfected his appeal first.

*Wilkinson & Goodale* and *V. Wainwright*, for appellants.

*John Leonard* and *Ruby & Wilkin*, for appellees.

ADAMS, CH. J.—The plaintiff claims to be a creditor of the defendant William Sturman, and holds a judgment rendered against him on confession. The defendant Farris avers, however, that plaintiff's claim upon which judgment was rendered on confession was largely fictitious; that one-half has

been paid; and that, since such payment, there is nothing due the plaintiff, and that she is colluding with the defendant William Sturman to deprive him of his title to the land in question. The plaintiff is a daughter of the defendants William Sturman and Jane Sturman, and part of the claim on which judgment was rendered was for services alleged to have been performed ·by the plaintiff in the family of her father and mother. The plaintiff, having lost her husband by death, went home to live with her parents, and took with her a son a few years old, and both she and her son lived there as members of her father's family. The evidence satisfies us that it was not understood that she was to have wages, and that whatever agreement was made between her and her father, in respect to wages, was for the purpose of giving her a claim with which to attack the defendant's title. The evidence upon this point is conflicting, but we feel disposed to give credit to one Wiggins, who testifies to admissions made by the plaintiff. His testimony is in these words: "She [plaintiff] said that she had to be a creditor to get that land away from Jim, [the defendant Farris,] and she claimed that she was a creditor. She said that she had made up an account against her father, at two dollars a week since Jack Jones, her husband, died, so that they could make a creditor out of her, and got them to sanction it. In order to make the judgment hold out, her father had to acknowledge it. Then she told me that she had got all the money they owed her." This witness appears to be entirely disinterested, and is corroborated to some extent by one Moore. He is, to be sure, contradicted by the plaintiff and her father; but there are several circumstances affecting unfavorably their credibility, and we are disposed to believe that what the witness Wiggins testifies to is true. It is shown that the plaintiff received over $700 from the property of her father, on an alleged claim, and we do not think..that there was anything due her beyond that.

As to the claim made by Sturman, that the deeds in ques-

tion were obtained from him by Farris without consideration, and through the undue influence of Farris, we have to say that, taking the testimony of Sturman alone, the conveyances were made by Sturman simply for the purpose of defrauding his creditors, and without undue influence on the part of Farris. It is true, if Sturman is to be believed, Farris promised to reconvey; but that alone is not sufficient to constitute undue influence. It is true, also, that Sturman was considerably advanced in years, and Farris was his son-in-law. But Sturman seems to have been in the full possession of his faculties, and executed the conveyances with deliberation, and as a part of a plan formed by himself, and independent of Farris. We have examined carefully the various considerations urged in support of the theory that Sturman's mind was so far overcome that he was not responsible for what he did, and have to say that we think he has wholly failed to support his claim in this respect.

In our opinion, the court erred in setting aside the deeds, either in favor of the plaintiff or Sturman. These views dispose of their appeals, without anything more being said in respect thereto. Upon the defendant Farris' appeal the decree must be

